UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR RAMOS,<br><br>        Plaintiff,<br><br>        v.<br><br>MAN DE YUAN ENTERPRISES, INC., INDIVIDUALLY AND DBA THE MANDARIN RESTAURANT, et al.,<br><br>        Defendants. | Case No. 2:24-cv-03348-CSK<br><br>ORDER TO SHOW CAUSE |

On December 2, 2024, Plaintiff Oscar Ramos filed this action against Defendant Man de Yuan Enterprises, Inc., individually and dba The Mandarin Restaurant,[1] alleging the following causes of action: (1) violation of the Americans with Disabilities Act of 1990 pursuant to 42 U.S.C. § 12101, et seq. ("ADA"); (2) violation of California's Health and Safety Code § 19955, et seq.; (3) violation of California's Disabled Person Act pursuant to Cal. Civ. Code §§ 54, 54.1, and 54.3; and (4) violation of California's Unruh Civil Rights Act pursuant to Cal. Civ. Code §§ 51 and 51.5.[2] Compl. ¶¶ 18-71. These claims stem from alleged barriers Plaintiff encountered while he visited The Mandarin

---

[1] Plaintiff also names Doe Defendants 1-50. Compl. ¶ 9 (ECF No. 1).
[2] This action was randomly assigned to the undersigned pursuant to Appendix A sub. (m) of the court's Local Rules.

1

Restaurant, which is owned and operated by Defendant Man de Yuan Enterprises, Inc. Compl. ¶ 3. On March 14, 2025, Plaintiff requested a Clerk's entry of default as to Defendant Man de Yuan Enterprises, Inc., which was entered on March 31, 2025. (ECF Nos. 6, 7.) On April 12, 2025, Plaintiff filed a motion for default judgment and set a hearing for May 27, 2025. Pl. Mot. (ECF No. 8.). Defendant was served with the motion on the same day. (ECF No. 8-3.) On April 30, 2025, after Defendant had failed to oppose the motion, the Court vacated the hearing date and took the motion under submission. (ECF No. 11.) To date, Defendant has not responded or appeared in this action.[3]

    In an action over which a district court possesses original jurisdiction, that court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Even if supplemental jurisdiction exists, however, district courts have discretion to decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c).

    Here, the Court finds it appropriate for Plaintiff to show cause why the Court should not decline to exercise supplemental jurisdiction over his state law claims. *See* 28 U.S.C. § 1367(c); *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022) (holding that the district court properly declined to exercise supplemental jurisdiction over the Unruh Act claim). In response to the substantial volume of claims asserted under the Unruh Act and the concern that high-frequency litigants may be using the statute to obtain monetary relief for themselves without accompanying adjustments to locations to assure accessibility to others, California enacted filing restrictions designed to address that concern. *Arroyo v. Rosas*, 19 F.4th 1202, 1211-12 (9th Cir. 2021). These heightened pleading requirements apply to actions alleging a "construction-related accessibility claim," which California law defines as "any civil claim in a civil action with respect to a place of public

---

[3] Plaintiff has not requested that default judgment be entered against any Doe Defendants. *See* Docket. Plaintiff has not served process on any Doe Defendants as required by Federal Rule of Civil Procedure 4. The Clerk of the Court has not entered default as to any Doe Defendants pursuant to Rule 55(a).

accommodation, including but not limited to, a claim brought under Sections 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1). The requirements apply not just to claims brought under the Unruh Act, but also to claims related to disability access under the California's Health and Safety Code and California's Disabled Person Act. *See Gilbert v. Singh*, 2023 WL 2239335, at *2 (E.D. Cal. Feb. 27, 2023) (holding claims brought under California Health and Safety Code are "construction-related accessibility claims" that are subject to the same pleading and filing requirements as a claim under the Unruh Act) (*citing Vo*, 49 F.4th at 1172-74; *Arroyo*, 19 F.4th at 1211-14); *Sepulveda v. Kobaree*, 2023 WL 5020267, at *2 (N.D. Cal. Aug. 4, 2023) (holding California Health and Safety Code claims are "subject to the same procedural requirements as Unruh Act and Disabled Person Act claims").

In addition, California also imposed limitations on "high-frequency litigants," which is defined as "[a] plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation." Cal. Civ. Proc. § 425.55(b)(1). The definition of "high-frequency litigant" also extends to attorneys. *See* Cal. Civ. Proc. Code § 425.55(b)(2). "High-frequency litigants" are subject to a special filing fee and further heightened pleading requirements. *See* Cal. Govt. Code § 70616.5; Cal. Civ. Proc. Code § 425.50(a)(4)(A). By enacting restrictions on the filing of construction-related accessibility claims, California has expressed a desire to limit the financial burdens California businesses may face for claims for statutory damages under the Unruh Act, the California Health and Safety Code, and the California Disabled Person Act. *See Arroyo*, 19 F.4th at 1206-07, 1212; *Gilbert*, 2023 WL 2239335, at *2.

The Ninth Circuit has also expressed "concerns about comity and fairness" by permitting plaintiffs to circumvent "California's procedural requirements." *Vo*, 49 F.4th at 1171. Plaintiffs who file these actions in federal court evade these limits and pursue state law damages in a manner inconsistent with the state law's requirements. *See*

*Arroyo*, 19 F.4th at 1211-12; *Vo*, 49 F.4th at 1171-72. For this reason, district courts in California routinely decline to exercise supplemental jurisdiction over state law claims brought under the Unruh Act and other California disability access statutes. *See*, *e.g.*, *Sepulveda v. Taqueria y Carniceria Martinez LLC*, 2024 WL 69066, at *2 (N.D. Cal. Jan. 5, 2024); *Gilbert*, 2023 WL 2239335, at *2; *Sepulveda v. Kobaree*, 2023 WL 5020267, at *2. Courts have also denied a plaintiff's motion for default judgment without prejudice subject to renewal as to the remaining ADA claim. *See Sepulveda v. Taqueria y Carniceria Martinez LLC*, 2024 WL 69066, at *2.

A review of Plaintiff's prior cases in this district shows that he has filed ten or more complaints alleging a construction-related accessibility violation within the twelve-month period immediately preceding the filing of the current complaint. *See Sykes v. Rios*, 2024 WL 5186841, at *1 n.1 (E.D. Cal. Dec. 20, 2024) ("It is well established that a court can take judicial notice of its own files and records under [Federal Rule of Evidence] 201."). Accordingly, the Court orders Plaintiff to show cause, in writing, within fourteen (14) days from the date of this order why the Court should not decline to exercise supplemental jurisdiction over his state law claims.

## ORDER

For the foregoing reasons, the Court hereby ORDERS as follows:

1. Within fourteen (14) days from the date of this order, Plaintiff shall show cause, in writing, why the Court should not decline to exercise supplemental jurisdiction over his state law claims. Plaintiff shall also address whether Defendants Does 1-50 will be dismissed by Plaintiff.
2. An inadequate response as to why the Court should not decline to exercise supplemental jurisdiction may result in the undersigned recommending that supplemental jurisdiction over Plaintiff's state law claims be declined and that they be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).
3. Plaintiff is further warned that failure to respond may result in a recommendation to dismiss the entire action without prejudice.

Dated:  August 22, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, ramo3348.24