UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR RAMOS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MAN DE YUAN ENTERPRISES, INC., INDIVIDUALLY AND DBA THE MANDARIN RESTAURANT, et al.,<br><br>　　　　Defendants. | Case No. 2:24-cv-03348-CSK<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS DECLINING SUPPLEMENTAL JURISDICTION & DENYING MOTION FOR DEFAULT JUDGEMENT<br><br>(ECF Nos. 8, 12) |

On December 2, 2024, Plaintiff Oscar Ramos filed this action against Defendant Man de Yuan Enterprises, Inc., individually and dba ("doing business as") The Mandarin Restaurant, and Doe Defendants 1-50, alleging the following causes of action: (1) violation of the Americans with Disabilities Act of 1990 pursuant to 42 U.S.C. § 12101, *et seq*. ("ADA"); (2) violation of California's Health and Safety Code § 19955, *et seq*.; (3) violation of California's Disabled Person Act pursuant to Cal. Civ. Code §§ 54, 54.1, and 54.3; and (4) violation of California's Unruh Civil Rights Act pursuant to Cal. Civ. Code §§ 51 and 51.5.[1] Compl. ¶¶ 7, 9, 18-71 (ECF No. 1). These claims stem from alleged barriers Plaintiff encountered while he visited The Mandarin Restaurant, which is

---

[1] This action was randomly assigned to the undersigned pursuant to Appendix A sub. (m) of the court's Local Rules.

owned and operated by Defendant Man de Yuan Enterprises, Inc. Compl. ¶¶ 3-5. On March 14, 2025, Plaintiff requested a Clerk's entry of default as to Defendant Man de Yuan Enterprises, Inc., which was entered on March 31, 2025. (ECF Nos. 6, 7.) On April 12, 2025, Plaintiff filed a motion for default judgment and set a hearing for May 27, 2025 before the undersigned. Pl. Mot. (ECF No. 8.). Defendant was served with the motion on the same day. (ECF No. 8-3.) On April 30, 2025, after Defendant had failed to oppose the motion, the Court vacated the hearing date and took the motion under submission. 4/30/2025 Order (ECF No. 11). To date, Defendant has not responded or appeared in this action.[2]

On August 22, 2025, the Court ordered Plaintiff to show cause why the Court should not decline to exercise supplemental jurisdiction over his state law claims. 8/22/2025 Order to Show Cause (ECF No. 12). Plaintiff was also directed to address whether Doe Defendants 1-50 will be dismissed by Plaintiff. *Id.* On September 6, 2025, Plaintiff filed a response to the Court's order to show cause. Pl. Resp. (ECF No. 13.) Although Plaintiff's response was filed one day after the Court's deadline, the Court will consider his response.

For the reasons that follow, the Court recommends declining to exercise supplemental jurisdiction over Plaintiff's state law claims: Claim 2, for violation of California's Health and Safety Code § 19955; Claim 3, for violation of California's Disabled Person Act; and Claim 4, for violation of California's Unruh Act. The Court further recommends the state law claims be dismissed without prejudice; the motion for default judgment (ECF No. 8) be denied without prejudice, subject to renewal as to Plaintiff's remaining ADA claim (Claim 1); and dismissal of Doe Defendants 1-50.

I.    **THE COMPLAINT**

The Complaint alleges Plaintiff is a physically disabled person who has no legs

---

[2] Plaintiff has not requested that default judgment be entered against any Doe Defendants. *See* Docket. Plaintiff has not served process on any Doe Defendants as required by Federal Rule of Civil Procedure 4. *Id*. The Clerk of the Court has also not entered default as to any Doe Defendants pursuant to Rule 55(a). *Id*.

2

due to a catastrophic accident that led to the amputation of his legs and now requires the use of a wheelchair. Compl. ¶ 6. Defendant Man de Yuan Enterprises, Inc. owns and operates a business, known as The Mandarin Restaurant, located at 219 Texas St., Fairfield, California. *Id*. ¶¶ 7, 11. On or about March 9, 2024 and September 27, 2024, Plaintiff visited The Mandarin Restaurant "for the purpose of buying food and drink." *Id*. ¶ 12. Plaintiff alleges he encountered architectural barriers that denied him access to public accommodations in violation of state and federal laws. *Id*. ¶¶ 13, 15-17. Specifically, Plaintiff alleges Defendant's designated disabled-accessible parking space was defective, the path of travel from the designated disabled-accessible parking and from the public sidewalk was not in compliance, the dining seating inside The Mandarin Restaurant was not accessible to disabled users with wheelchairs, and the bar dining area inside The Mandarin Restaurant did not offer a lowered section or seating for disabled persons. *Id.* ¶ 4. Plaintiff further alleges he was deterred from visiting The Mandarin Restaurant on November 15, 2024. *Id.* ¶ 12. Based on these visits, Plaintiff seeks damages and injunctive relief. *Id*. at 21-22.

## II. LEGAL STANDARDS

A court that has original jurisdiction over a civil action "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Notably, the Ninth Circuit has held that claims asserted under the ADA and Unruh Act, "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding, they form part of the same case or controversy for purposes of § 1367(a)." *Arroyo v. Rosas*, 19 F.4th 1202, 1209 (9th Cir. 2021) (internal quotation marks and citations omitted). However, supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's rights" and district courts "can decline to exercise jurisdiction over pendant claims for a number of valid reasons." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997) (citing *United Mine Workers of Am. v. Gibbs*, 383

U.S. 715, 726 (1966)). Under 28 U.S.C. § 1367(c), a district court may decline supplemental jurisdiction over a claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1)-(4). The Ninth Circuit does not require an "explanation for a district court's reasons [for declining supplemental jurisdiction] when the district court acts under the first three provisions." *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998). However, a district court is required to identify why circumstances may be "exceptional" when declining jurisdiction under § 1367(c)(4). *Arroyo v. Rosas*, 19 F.4th at 1210.

A district court's inquiry as to whether to decline jurisdiction under 28 U.S.C. § 1367(c)(4) involves a two-party inquiry. *Arroyo*, 19 F.4th at 1210. First, the district court must identify "why the circumstances of the case are exceptional within the meaning of § 1367(c)(4)." *Id*. (citation omitted). Second, to evaluate "whether there are 'compelling reasons for declining jurisdiction' in a given case, the court should consider what 'best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine' articulated in *Gibbs*." *Id*. (citing *Int'l Coll. of Surgeons*, 522 U.S. at 172-73). These two inquiries are "not particularly burdensome." *Id*. (citation omitted).

III.   **DISCUSSION**

As to the first inquiry, the Court finds circumstances here are exceptional within the meaning of 28 U.S.C. § 1367(c)(4). The Ninth Circuit in *Arroyo* recognized the "recent changes in California law governing Unruh Act claims" and the California Legislature's imposition of "additional procedural requirements on construction-related

accessibility claims' in order to address what it believed was continued abuse by 'high-frequency litigants.'" 19 F.4th at 1205, 1207 (quoting Cal. Civ. Proc § 425.55(a)(2), (b)). Under California law, "high-frequency litigants," are defined as "[a] plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation." Cal. Civ. Proc. § 425.55(b)(1). "High-frequency litigants" are subject to a special filing fee and further heightened pleading requirements. *See* Cal. Govt. Code § 70616.5; Cal. Civ. Proc. Code § 425.50(a)(4)(A). The requirements apply not just to claims brought under the Unruh Act, but also to claims related to disability access under the California's Health and Safety Code and California's Disabled Person Act. *See Gilbert v. Singh*, 2023 WL 2239335, at *2 (E.D. Cal. Feb. 27, 2023) (holding claims brought under California Health and Safety Code are "construction-related accessibility claims" that are subject to the same pleading and filing requirements as a claim under the Unruh Act) (citing *Vo v. Choi*, 49 F.4th 1167, 1172-74 (9th Cir. 2022); *Arroyo*, 19 F.4th at 1211-14); *Sepulveda v. Kobaree,* 2023 WL 5020267, at *2 (N.D. Cal. Aug. 4, 2023) (holding California Health and Safety Code claims are "subject to the same procedural requirements as Unruh Act and Disabled Person Act claims"). As a result, the Ninth Circuit has explained that "[t]he resulting differences between state court and federal court have produced significant consequences for the filing of ADA-based Unruh claims" and because "the significant expense and burden of California's newly imposed rules for 'construction-related accessibility claims' can be avoided by pairing the Unruh Act claim with a parallel federal ADA claim and then filing the suit in federal court" there has been a large increase in the number of ADA cases filed in federal court. *Arroyo*, 19 F.4th at 1207. Accordingly, "plaintiffs can circumvent the restrictions on high-frequency litigants by filing their complaints in federal court, asserting federal question jurisdiction over the ADA claim and supplemental jurisdiction of the state law claims." *Shayler v. 1310 PCH*, LLC, 51 F.4th 1015, 1018 (9th Cir. 2022) (citing *Arroyo* 19, F.4th at 1207). Therefore, the Ninth Circuit has had "little difficulty" in reaching

1  the conclusion that "the legal landscape" concerning Unruh Act actions constitute
2  exceptional circumstances within the meaning of 28 U.S.C. § 1367(c)(4). *See Vo*, 49
3  F.4th at 1169 *(citing Arroyo*, 19 F.4th at 1214).
4     Here, the Court's review of its records shows Plaintiff has filed ten or more
5  complaints alleging a construction-related accessibility violation within the twelve-month
6  period immediately preceding the filing of the current complaint. *See Sykes v. Rios*, 2024
7  WL 5186841, at *1 n.1 (E.D. Cal. Dec. 20, 2024) ("It is well established that a court can
8  take judicial notice of its own files and records under [Federal Rule of Evidence] 201.").
9  Plaintiff also does not dispute he is a high-frequency litigant and would therefore be
10 subject to California's heightened pleading and procedural standards that apply to high-
11 frequency litigants in state court. *See generally* Pl. Resp. Consistent with Ninth Circuit
12 precedent, the Court finds exceptional circumstances are present here within the
13 meaning of 28 U.S.C. § 1367(c)(4).
14     As to the second inquiry, the Court finds compelling reasons for declining
15 supplemental jurisdiction within the meaning of 28 U.S.C. § 1367(c)(4). In its evaluation
16 of this inquiry, the Court considers the *Gibbs* values of economy, convenience, fairness,
17 and comity. *See Vo*, 49 F.4th at 1171. Plaintiff argues the Court's increasing tendency to
18 decline to exercise supplemental jurisdiction since *Arroyo* and *Vo* have resulted in
19 smaller awards for default judgments and has led defendants to "come to the conclusion
20 that ignoring the lawsuit and being ordered to pay a few thousand dollars in attorney's
21 fees (and nothing in Unruh damages) in a judgment is cheaper than responding to the
22 lawsuit and/or removing the barriers to disabled access." Pl. Resp. at 2-3. Plaintiff further
23 argues that Court's "automatic" declination to exercise supplemental jurisdiction is unfair
24 against the disabled community because it renders default judgments in the ADA context
25 "toothless to get the attention of ADA defendants or to cause them to remedy barriers to
26 disabled access." *Id*. at 2. Finally, Plaintiff argues *Arroyo* and *Vo* sought to address
27 abusive practices by high frequency litigants who filed hundreds of cases far away from
28 their homes, whereas here, Plaintiff lives only three miles away from The Mandarin

Restaurant. *Id.*

The Court disagrees. First, Plaintiff's contentions that declining supplemental jurisdiction has allowed defendants to intentionally ignore such lawsuits and rendered default judgment to be ineffective are based on mere speculation and without support. Moreover, Plaintiff continues to have the option to dismiss this action and refile it in a state court in accordance with the requirements California has imposed on such actions. It is California's prerogative to impose a heightened filing fee for high frequency litigants, which Plaintiff does not dispute, in an effort to curb abuses of the Unruh Act. Consequently, it would not be fair, nor would comity be served, if Plaintiff was able to proceed on his state law claims in this Court and "wholly thwart" California's policy objectives in this area. *See Arroyo*, 19 F.4th at 1214 (noting "comity-based concerns that California's policy objectives in this area were being wholly thwarted and its courts were being deprived of their crucial role in carrying out the Legislature's reforms of the Unruh Act."). For these reasons, the Court finds declining to exercise supplemental jurisdiction over Plaintiff's state law claims is appropriate and consistent with Ninth Circuit law. *See Garcia v. Maciel*, 2022 WL 395316, at *5 (N.D. Cal. Feb. 9, 2022) ("Under the circumstances of this case, which has not progressed beyond threshold questions of standing and jurisdiction, the strong comity concerns identified by the Ninth Circuit in *Arroyo* outweigh any countervailing considerations of economy and efficiency that might be adversely affected by requiring [plaintiff] to refile his Unruh Act claim in state court."). This is also consistent with the approach taken by district courts in California declining to exercise supplemental jurisdiction over state law claims brought under the Unruh Act and other California disability access statutes. *See*, *e.g.*, *Sepulveda v. Taqueria y Carniceria Martinez LLC*, 2024 WL 69066, at *2 (N.D. Cal. Jan. 5, 2024); *Gilbert v. Singh*, 2023 WL 2239335, at *2; *Sepulveda v. Kobaree*, 2023 WL 5020267, at *2.

Accordingly, the Court finds circumstances in this action are exceptional and there are other compelling reasons to decline exercising supplemental jurisdiction over Plaintiff's Unruh Act and related state law claims pursuant to 28 U.S.C. § 1367(c)(4). The

Court therefore recommends dismissal of Plaintiff's Health and Safety Code § 19955 claim (Claim 2), Disabled Person Act claim (Claim 3), and Unruh Act claim (Claim 4), without prejudice to the refiling of these claims in state court.

## IV. DOE DEFENDANTS

In the Court's August 22, 2025 order to show cause, Plaintiff was directed to address whether Doe Defendants 1-50 will be dismissed by Plaintiff. 8/22/2025 Order to Show Cause at 4. Plaintiff did not address this in his response. *See generally* Pl. Resp. Here, the Complaint names Doe Defendants 1-50. *See* Compl. ¶ 9. The inclusion of such "Doe" defendants is generally disfavored in the Ninth Circuit. *Soo Park v. Thompson*, 851 F.3d 910, 928 n.21 (9th Cir. 2017) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). In light of Plaintiff's lack of response and Ninth Circuit case law, the Court recommends dismissing Doe Defendants 1-50 from this action.

## V. CONCLUSION

In conclusion, IT IS HEREBY ORDERED that the Clerk of Court randomly assign a district judge to this action.

Further, based upon the findings above, it is RECOMMENDED:

1. The Court DECLINE to exercise supplemental jurisdiction over Plaintiff's Claim 2 for violation of California's Health and Safety Code § 19955, *et seq*., Claim 3 for violation of California's Disabled Person Act pursuant to Cal. Civ. Code §§ 54, 54.1, and 54.3, and Claim 4 for violation of California's Unruh Act, and that these claims be DISMISSED without prejudice pursuant to 28 U.S.C. § 1367(c)(4);
2. Plaintiff's motion for default judgment (ECF No. 8) be DENIED without prejudice, subject to renewal as to Plaintiff's remaining ADA claim (Claim 1);
3. The Court dismiss Doe Defendants 1-50 from this action; and
4. Plaintiff be GRANTED thirty (30) days to file a second motion for default judgment.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: November 4, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, ramo3348.24